FILED'06 APR 19 16:54 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY DUNLAP,                         CV. 05-1889-MO

        Plaintiff,                   ORDER TO DISMISS

    v.

REBECCA G. ORF,

        Defendant.

MOSMAN, District Judge.

    Plaintiff, an inmate at the Powder River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2).

### BACKGROUND

    Plaintiff alleges that defendant Orf, a Circuit Judge in Jackson County, had no authority to exercise jurisdiction over him

1 - ORDER TO DISMISS

during a criminal trial. Plaintiff asks the court "to find redress for injury and damages" in this § 1983 action, and award any other relief it finds to be just under the circumstances.

## STANDARDS

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

> (B) the action . . .
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>Tanner v. Heise</u>, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. <u>Tanner</u>, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the

2 - ORDER TO DISMISS

plaintiff the benefit of any doubt. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1055 (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Tech., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1998); <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. <u>McGuckin</u>, 974 F.2d at 1055; <u>Karim-Panahi</u>, 839 F.2d at 623-24; <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. <u>Karim-Panahi</u>, 839 F.2d at 623; <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Judges are absolutely immune from a suit for damages arising out of judicial acts performed in their judicial capacity. <u>Mireless v. Waco</u>, 502 U.S. 9, 11 (1991). Because plaintiff fails to state a claim upon which relief may be granted, the Complaint is dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Because plaintiff cannot amend the Complaint to state a valid claim against

3 - ORDER TO DISMISS

Judge Orf, the dismissal is with prejudice. Accordingly, all other pending Motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 19 day of April, 2006.

                                                   /s/ Michael W. Mosman
                                                   Michael W. Mosman
                                                   United States District Judge